Ramón Montaner, en su carácter de Administrador del
Fondo de Seguro del Estado, recurrente, *v.* La Comisión
Industrial de Puerto Rico, compuesta por los Hons.
Manuel León Parra, Presidente, Francisco Paz Granela
y Juan M. Herrero, Comisionados Asociados, recurrida.

Núm. 4.—*Sometido:* Noviembre 16, 1936. *Resuelto:* Diciembre 8, 1936.

*Hon. Procurador General B. Fernández García, Emilio de Aldrey,
Subprocurador y Luis Negrón Fernández, Oficial Jurídico del
Fondo de Seguro del Estado, abogados del recurrente; M. León
Parra, abogado de la recurrida; Besosa & Besosa, abogados de los
peticionarios y apelantes ante la Comisión Industrial.*

El Juez Asociado Señor Córdova Dávila, emitió la opinión
del tribunal.

En 29 de abril de 1936 el Administrador del Fondo de
Seguro del Estado declaró a Petrona Campos viuda de Mon-
tero, madre del obrero fallecido Angel Montero Campos, y
al hijo natural reconocido del mismo, Alexis Montero Ba-
lasquide, beneficiarios del referido obrero, asignándoles una

compensación ascendente a la suma de $1,509.60, la cual debería distribuirse entre los beneficiarios antes mencionados en la siguiente proporción: para el menor Alexis Montero Balasquide, el 75 por ciento de la suma antes indicada, y para doña Petrona Campos viuda de Montero, el 25 por ciento de dicha cantidad.

Recurrida esta resolución para ante la Comisión Industrial, este organismo resolvió que los menores apelantes Angel Manuel y Zaida Iris Montero Martínez, hijos legítimos del obrero fallecido, dependían para su subsistencia parcialmente de lo que ganaba su padre Angel Montero Campos, por lo cual tenían derecho a indemnización de acuerdo con la Ley núm. 45 de abril 18, 1935 (pág. 251), además de los beneficiarios Petrona Campos viuda de Montero, madre del obrero fallecido, y el hijo natural reconocido del mismo, Alexis Montero Balasquide. La indemnización fijada por el Administrador del Fondo de Seguro del Estado, ascendente a la suma de $1,509.60, se distribuyó, de acuerdo con la resolución de la Comisión Industrial, entre los beneficiarios en la siguiente proporción: $459.60 para doña Petrona Campos viuda de Montero, madre del obrero fallecido, $300 para cada uno de los hijos legítimos de dicho obrero, Angel Manuel y Zaida Iris Montero y Martínez, y el hijo natural reconocido Alexis Montero Balasquide, y $150 para ser pagados por partes iguales a los abogados por servicios profesionales prestados a las personas que representaban.

Negóse la Comisión Industrial a decretar la reconsideración de esta resolución, solicitada por el Administrador del Fondo de Seguro del Estado, quien comparece ahora ante nosotros pidiendo que revisemos y revoquemos los fundamentos de dicha resolución, confirmando la que originalmente dictara el referido Administrador.

Los recurridos, Angel Manuel y Zaida Iris Montero Martínez, solicitan la desestimación del recurso de revisión interpuesto, entre otras razones porque el Fondo de Seguro del Estado no es parte interesada en este asunto. Se ar-

guye que dicho Fondo no ha sido perjudicado por la participación concedida a los recurridos, toda vez que la cantidad acordada por el Administrador no ha sufrido la menor alteración. Lo único que hizo dicha Comisión fué distribuir esa suma entre la madre, los menores hijos legítimos del obrero fallecido, y el hijo natural del mismo.

El artículo 11 de la Ley núm. 45 de 18 de abril de 1935, denominada Ley de Compensaciones por Accidentes del Trabajo, dice así:

"Cualquier parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial, de acuerdo con esta ley, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico dentro del término de quince (15) días después de su notificación; *Disponiéndose,* que dicha revisión solamente podrá concederse sobre cuestiones de derecho."

Como se ve, únicamente las partes interesadas pueden solicitar revisión de una orden o decisión de la Comisión Indutrial, para ante esta Corte Suprema. A nuestro juicio, es claro que el Administrador del Fondo de Seguro del Estado no es parte interesada en este caso, porque la resolución dictada por la Comisión Industrial y la que pueda recaer en apelación en nada perjudican los fondos del Seguro del Estado. La cantidad asignada por el Administrador no ha sido alterada ni es cuestión que se discute en el presente recurso. La Comisión Industrial se ha limitado a conceder a los menores hijos legítimos una parte proporcional de la suma referida. El hijo natural, realmente perjudicado, por habérsele reducido la suma que le asignó el Administrador, no ha tenido a bien recurrir contra la resolución de la Comisión Industrial. El referido Administrador, que no tiene interés en el asunto, es la única parte que aparece estableciendo este recurso, y por esta razón entendemos que el mismo debe ser desestimado.

El Juez Presidente Señor del Toro no intervino.